# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STARMOUNT LIFE INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-1317 CAS |
| TONYA S. NEAL, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This interpleader action is before the Court on defendant Daniel DeLuca's Motion to Transfer and to Abstain, and plaintiff Starmount Life Insurance Company, Inc.'s ("Starmount") Motion to Transfer Policy Proceeds. For the following reasons, the Court will grant the motion to abstain, deny the motion to transfer the action, and grant the motion to transfer policy proceeds. The Court will stay this action and administratively close it pending the resolution of related state court litigation.

**Background**.

This interpleader action concerns a dispute over the proceeds of a $200,000 life insurance policy No. L111185668 (the "Policy") issued by Starmount in 2001 to Joy Dean DeLuca, now deceased. The Policy named the Joy J. DeLuca Living Trust as beneficiary. Starmount commenced the action on September 2, 2008. On September 9, 2008, the Court granted Starmount's Motion to Deposit Policy Proceeds (Doc. 5). The interpleaded funds, totaling $201,394.00, which include pre-paid Policy premiums, were deposited in the Court Registry by Starmount.

On or about September 11, 2008, Starmount was served with a petition which was filed by defendant Daniel DeLuca in the Circuit Court of Phelps County, Missouri on August 25, 2008,

captioned Daniel DeLuca v. Gene E. DeLuca, et al., No. 08PH-cv01475 (the "Phelps County Action"). In the Phelps County Action, the plaintiff alleges, among other things, that the policy proceeds are payable to the Estate of Joy Dean DeLuca, and seeks to set aside the transfer of certain real property located in Phelps County, Missouri, which transfer occurred prior to Ms. DeLuca's death. Thus, the Phelps County Action preexisted the instant federal action.

On or about October 9, 2008, Starmount filed its Answer to Petition, Counterclaim, Cross-Claim and Third-Party Complaint to include an action for interpleader in the Phelps County Action. All of the parties named in the instant action have been made parties to the Phelps County Action and the claims made by Starmount are the same in both actions.

**Discussion**.

    A. Motion to Transfer and Abstain

Defendant Daniel DeLuca moves the Court to abstain from taking further action in this case and to transfer the case to the Circuit Court of Phelps County, Missouri. Defendant cites no authority to support his motion to transfer. This case was initially filed in federal court. The power of federal courts is defined by Article III of the United States Constitution and the acts of Congress made pursuant thereto. No federal statute authorizes the transfer of cases from a federal to a state court. The Court therefore lacks the authority to transfer this case to state court. Whether the Court should abstain in this matter is a separate issue. Defendant does not indicate which of the several federal abstention doctrines might be applicable in this situation.

If the Court were to abstain from the exercise of jurisdiction in this case, it would be pursuant to the doctrine established in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). In brief, the Colorado River abstention doctrine is designed to avoid duplicative

2

litigation in federal and state courts.  See Beavers v. Arkansas State Bd. of Dental Examiners, 151 F.3d 838, 841 n.7 (8th Cir. 1998).

The Colorado River abstention doctrine grants a federal court the discretion to avoid duplicative litigation in federal court of a matter more properly decided in parallel litigation in state court.  See Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995).  The mere potential for conflict between a federal action and a parallel state action, however, does not justify staying the exercise of federal jurisdiction under Colorado River.  Federated Rural Elec. Ins. Corp., 48 F.3d at 297 (citing Colorado River, 424 U.S. at 816).  As the Supreme Court explained in Colorado River, and the Eighth Circuit Court of Appeals has repeatedly reiterated, a federal court may abstain in order to conserve federal judicial resources only in "exceptional circumstances."  See, e.g., Colorado River, 424 U.S. at 813; Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001) ("A federal court should decline jurisdiction [on the basis of Colorado River abstention] only under exceptional circumstances."); Federated Rural Elec. Ins. Corp., 48 F.3d at 297 (also stating the "exceptional circumstances" standard).  The "exceptional circumstances" must be such that "repair to the State court would clearly serve an important countervailing interest."  Id. (internal punctuation and quoted case omitted).

Several factors are to be evaluated in determining the existence of "exceptional circumstances" under Colorado River:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the

> exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

Federated Rural Elec. Ins. Corp., 48 F.3d at 297. In making its decision, a court must take into account "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." Colorado River, 424 U.S. at 818.

The Court finds that the exceptional circumstances contemplated in Colorado River exist in this case. Although this Court has jurisdiction over the funds interpleaded by plaintiff Starmount, which are in dispute in both the federal and state actions, Starmount has moved the Court to transfer the interpleaded funds to the state court in order to promote judicial economy and efficiently resolve this dispute. The federal forum is less convenient to the nine individual defendants in this case, who generally live in the central part of the state in the area of Rolla, Missouri, in Phelps County. Other factors weigh heavily in favor of dismissal. To maintain separate actions in the federal and state courts, identical except for the issues in state court concerning the real property, is highly inefficient for the courts, the parties, the witnesses and the juries, and could result in unnecessary piecemeal litigation as well as inconsistent results. The Court is not aware which case has proceeded further, but notes that the state action was filed first. No action of procedural or substantive import has taken place in the federal case, apart from the interpleading of the Policy proceeds. State law controls the disposition of all issues in this matter, and the state court has jurisdiction over the real property located in Phelps County which is also the subject of dispute among the parties. The state forum is more than adequate to protect plaintiff's interests, and plaintiff does not object to the state court's exercise jurisdiction over the dispute.

Evaluated as a whole, the Court finds that the relevant factors heavily favor abstention. Under these circumstances, the Court concludes that the virtually "unflagging obligation" to exercise its jurisdiction does not require permitting substantially parallel lawsuits to proceed. The Court will therefore exercise its discretion under Colorado River to stay the present action.[1] Defendant DeLuca's motion for the Court to abstain from this matter should therefore be granted.

B. Motion to Transfer Funds

As previously stated, Starmount has filed a motion to transfer the interpleaded funds to the Circuit Court of Phelps County, in an effort to promote judicial economy and efficiently resolve this dispute. No opposition has been filed to the motion to transfer funds and the time to do so has passed. Because the Court has determined that abstention and stay of this matter is appropriate under Colorado River, the motion to transfer the interpleaded funds should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Daniel DeLuca's Motion to Transfer and to Abstain is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** to the extent the Court will abstain from this matter in the exercise of its discretion, and **DENIED** to the extent defendant seeks transfer of this matter to state court. [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiff Starmount Life Insurance Company, Inc.'s Motion to Transfer Policy Proceeds is **GRANTED**. [Doc. 25]

---

[1] In Quackenbush v. Allstate Insurance Co., 517 U.S. 706 (1996), the Supreme Court held that federal courts have the power to dismiss cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. Id. at 731. Where damages are sought, the federal court may only stay the action until the state proceedings have concluded. Id. Although Starmount does not seek damages, defendants Tonya S. Neal, Crystal J. DeLuca and James D. DeLuca have filed a counterclaim seeking damages from Starmount. The Court will therefore stay this action pending resolution of the Phelps County Action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer the interpleaded policy proceeds, in the amount of $201,394.00, together with any interest accrued thereon, deposited by Starmount Life Insurance Company, Inc. pursuant to this Court's Order of September 10, 2008, from the Court Registry to the Clerk of the Phelps County Circuit Court, to be deposited in an interest-bearing account and disbursed by the Phelps County Court pursuant to its adjudication of case number 08PH-cv01475. The disbursement check should be payable to the Phelps County Circuit Court, and mailed to 200 N. Main Street, Suite 201, Rolla, Missouri 65401.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and that the Clerk of the Court shall **administratively close** this matter pending resolution of the related litigation in Phelps County, Missouri case number 08PH-cv01475.

**IT IS FURTHER ORDERED** that this case may be reopened upon motion of any party, which shall include:

(a) A brief statement of the facts, procedural history and resolution of the state court proceedings;

(b) the issues, if any, remaining for determination;

(c) whether a Rule 16 scheduling conference is requested;

(d) whether it is anticipated that there will be pretrial motion practice, including the filing of dispositive motions;

(e) when it is reasonably likely this case would be ready to proceed to trial; and

(f) the estimated length of trial.

**SO ORDERED**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   8th   day of December, 2008.